UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHRYN A. McALEY,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

Case No. 08-14504

Avern Cohn
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 12, 15)**

## I.  PROCEDURAL HISTORY

### A.  Proceedings in this Court

On October 22, 2008, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Avern Cohn  referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability insurance benefits.  (Dkt. 2).  This matter is currently before the Court on cross-motions for summary judgment.  (Dkt. 12, 15, 16).

B.    Administrative Proceedings

Plaintiff indicated that she had previously filed for disability insurance benefits and her application was denied in 1999. (Dkt. 6, Tr. at 40, 59). For the instant application, the ALJ considered the time period from October 1, 2000 (plaintiff's alleged onset date) to December 31, 2003 (plaintiff's last date insured). (Dkt. 6, Tr. at 13).

Plaintiff filed the instant claims on January 12, 2005, alleging that she became unable to work on October 1, 2000. (Dkt. 6, Tr. at 40-42). The claim was initially disapproved by the Commissioner on April 15, 2005. (Dkt. 6, Tr. at 31-35). Plaintiff requested a hearing and on November 20, 2007, plaintiff appeared with counsel before Administrative Law Judge (ALJ) John Ransom, who considered the case *de novo*. In a decision by the Appeals Council dated February 6, 2008, the ALJ found that plaintiff was not disabled. (Dkt. 6, Tr. at 13-19). Plaintiff requested a review of this decision on April 11, 2008. (Dkt. 6, Tr. at 7-8). The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on August 22, 2008, denied plaintiff's request for review. (Dkt. 6, Tr. at 2-4); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

In light of the entire record in this case, I suggest that substantial evidence does not support the Commissioner's determination that plaintiff was not disabled.

Accordingly, it is **RECOMMENDED** that plaintiff's motion for summary judgment be **DENIED**, defendant's motion for summary judgment be **DENIED**, and that this matter be **REMANDED** for further review, consistent with this Report and Recommendation.

## II.    STATEMENT OF FACTS

### A.    ALJ Findings

Plaintiff was 58 years of age at the time of the most recent administrative hearing and was 53 years old as of the last date insured. (Dkt. 6, Tr. at 40). Plaintiff's relevant work history included 27 years as an auto manufacturer assembler. (Dkt. 6, Tr. at 54). In denying plaintiff's claims, defendant Commissioner considered scoliosis and status post lumbar fusion procedures as possible bases of disability. (Dkt. 6, Tr. 15).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since October 1, 2000. (Dkt. 6, Tr. at 15). At step two, the ALJ found that plaintiff's impairments were "severe" within the meaning of the second sequential step. *Id*. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. *Id*. At step four, the ALJ found that plaintiff could not perform her previous work as an assembler.

(Dkt. 6, Tr. at 18). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy. *Id.*

B.  Plaintiff's Motion for Summary Judgment

According to plaintiff, the ALJ's conclusion that "the record does not establish that any physician has precluded claimant from all gainful work activity" is contrary to the record, which is replete with mentions by plaintiff's long time treating physicians that she is totally disabled from all forms of employment since July 1, 1997. Specifically, plaintiff points to Dr. Landua's opinion that plaintiff cannot "do any work, including light sedentary work." Dr. Landua also states that plaintiff has been disabled since July 30, 1997 and will never be able to return to work. In addition, another treating physician wrote that plaintiff will "NEVER!" be expected to resume gainful employment of any kind. Plaintiff maintains that the ALJ discounting of these opinions was error.

Plaintiff also argues that the ALJ violated SSR 96-2p when he stated that, "the record does not establish that any physician has precluded claimant from all gainful work activity." Again, according to plaintiff, the ALJ inappropriately gave no weight to the above mentioned treating sources medical opinions. The ALJ rejected several statements from plaintiff's treating physicians in direct violation of SSR 96-2p. Under SSR 96-2, plaintiff argues, these opinions should have been accorded at least controlling weight. Moreover, the regulations require that the

adjudicator will always give good reasons in the notice of the determination or decision for the weight given to a treating source's medical opinions. Plaintiff also argues that even if the ALJ finds that plaintiff's doctor's opinions are not entitled to controlling weight, those opinions should not be rejected and are still entitled to deference.

Plaintiff also argues that the ALJ violated SSR 96-7p because the decision contains no specific reasons for the ALJ's credibility. And, according to plaintiff, the decision fails to be sufficiently specific to make clear to subsequent reviewers the weight the ALJ gave to the plaintiff's statements and the reasons for that weight. This does not meet the burden established in SSR 96-7.

C.    Commissioner's Motion for Summary Judgment

The Commissioner first argues that the treating physician opinions to which plaintiff refers were offered in 1997 and 1998 – before the Commissioner's 1999 denial of plaintiff's previous DIB application and long before plaintiff's alleged onset date in 2000. Given that no evidence shows that plaintiff appealed that 1999 denial, the Commissioner argues that she is bound by the ruling that she was not disabled in 1997-1999. 20 C.F.R. § 404.905. The Commissioner also argues that these opinions did not address the evidence at issue here (i.e., plaintiff's status from October 1, 2000 to December 31, 2003), and the ALJ correctly afforded them no weight.

The Commissioner also argues that, even if these opinions addressed the relevant time frame, it is well settled that the ultimate issue of disability is reserved to the Commissioner, not the treating physician. *See Kidd v. Comm'r of Social Sec.*, 283 Fed.Appx. 336 (6th Cir. 2008); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994); *see also* 20 C.F.R. § 404.1527(e). Thus, when a treating physician offers an opinion on an issue reserved to the Commissioner, such as whether the claimant is disabled, the ALJ need not afford that opinion controlling weight. *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007). Further, SSR 96-2p states that "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR 96-2p. Thus, according to the Commissioner, even if these opinions addressed the relevant time frame, they would not have been entitled to controlling weight because they were inconsistent with other substantial evidence in the record. According to the Commissioner, the record evidence strongly supports her successful treatment and steady progress and improvement since her past treating physicians offered their opinions. Moreover, the Commissioner argues that the opinion evidence by the state agency reviewing physician contradicted Dr. Landau's and Dr. Strom's opinions on reviewing the entire record in 2005. (Tr.

173-80).  Dr. Choi noted that plaintiff could occasionally lift up to 20 pounds; frequently lift up to 10 pounds; stand, walk, and/or sit for six hours in an eight-hour workday, and push and/or pull on an unlimited basis.  (Tr. 174).  He also stated that plaintiff could only occasionally climb, balance, stoop, kneel, crouch, and crawl.  (Tr. 175).  Thus, according to the Commissioner, based on the record evidence as a whole, the ALJ reasonably determined that plaintiff was capable of performing a restricted range of light work. (Tr. 15).  He properly considered Dr. Montgomery's stated restrictions (offered during the relevant time), Tr. 92, and limited plaintiff to no repetitive bending, twisting, turning, pushing or pulling.  (Tr. 15).

SSR 96-7p requires an ALJ to offer specific reasons for his or her credibility finding.  After considering the entire case record, under SSR 96-7p, according to the Commissioner, the ALJ offered specific reasons for his finding that plaintiff's pain and functional limitations were less serious than she alleged and they did not preclude her from working during the relevant period.  The Commissioners argues that the record supports the ALJ's reasons.  For example, the ALJ stated that, despite plaintiff's allegations of disabling pain, no evidence in the record showed that plaintiff was referred to a chronic pain clinic or prescribed a TENS unit.  (Tr. 17).  Furthermore, plaintiff reported that medications, which did not cause side

effects, helped her pain. (Tr. 581). The ALJ also said that plaintiff testified that she was given only a 15-pound lifting restriction after her 2001 surgery, which would not have precluded all work activity. (Tr. 17, 593). Plaintiff, herself, testified at the hearing that she could lift no more than 20 pounds. (Tr. 592). At the same time, in contrast, she testified that she could not lift anything. (Tr. 591). The state agency reviewing physician also opined that plaintiff could lift 20 pounds. The ALJ noted that, while plaintiff testified to a history of depression, the record did not indicate any treatment with a mental health professional during the relevant time nor did it support a mental impairment-related diagnosis (as set forth by the state agency reviewing psychologist). (Tr. 17, 171). Plaintiff also reported that prescription medication helped her depression "quite a bit." (Tr. 589). According to the Commissioner, the ALJ reasonably considered the inconsistencies in the record and concluded that plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible. (Tr. 17). The ALJ's reasons support his conclusion that, although plaintiff's back condition prevented her from performing her past relevant work in an auto parts plant, it did not prevent her from performing a limited range of lighter work.

## III. DISCUSSION

### A. <u>Standard of Review</u>

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case

de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383,

387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to

evaluate the credibility of witnesses, including that of the claimant." *Rogers v.*

*Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc.*

*Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may...consider the credibility of a claimant

when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502

F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the

claimant are to be given great weight, particularly since the ALJ is charged with

observing the claimant's demeanor and credibility.") (quotation marks omitted);

*Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is

appropriate where an ALJ finds contradictions among medical reports, claimant's

testimony, and other evidence."). "However, the ALJ is not free to make

credibility determinations based solely upon an 'intangible or intuitive notion

about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec.

Rul. 96-7p, 1996 WL 374186, *4.

    If supported by substantial evidence, the Commissioner's findings of fact are

conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the

Commissioner's decision merely because it disagrees or because "there exists in

the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508

Report and Recommendation
Cross-Motions for Summary Judgment
*McAley v. Comm'r*; No. 08-14504

(6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly

addressing in his written decision every piece of evidence submitted by a party.")

(internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*,

198 Fed.Appx. 521, 526 (6th Cir. 2006).

    B.    <u>Governing Law</u>

        1.    Burden of proof

The "[c]laimant bears the burden of proving his entitlement to benefits."

*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);

*accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability

Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq*.) and the

Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381

*et seq*.). Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled. F. Bloch,

Federal Disability Law and Practice § 1.1 (1984). While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits...physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of

> his or her age, education, and work experience, benefits
> are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20

C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence

and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

        2.      Substantial evidence

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

In weighing the opinions and medical evidence, the ALJ must consider relevant factors such as the length, nature and extent of the treating relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's evidentiary support, and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6). Therefore, a medical opinion of an examining source is entitled to more weight than a non-examining source and a treating physician's opinion is entitled to more weight than a consultative physician who only examined the claimant one time. 20 C.F.R. § 404.1527(d)(1)-(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's opinion and the reasons for that weight." Soc.Sec.R. 9602p, 1996 WL 374188, *5 (1996). The opinion of a treating physician should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is not "inconsistent with the other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2). A physician qualifies as a treating source if the claimant sees her "with a frequency consistent with accepted medical practice for

the type of treatment and/or evaluation required for [the] medical condition." 20

C.F.R. § 404.1502. "Although the ALJ is not bound by a treating physician's

opinion, 'he must set forth the reasons for rejecting the opinion in his decision.'"

*Dent v. Astrue*, 2008 WL 822078, *16 (W.D. Tenn. 2008) (citation omitted).

"Claimants are entitled to receive good reasons for the weight accorded their

treating sources independent of their substantive right to receive disability

benefits." *Smith v. Comm'r of Social Security*, 482 F.3d 873, 875 (6th Cir. 2007).

"The opinion of a non-examining physician, on the other hand, 'is entitled to little

weight if it is contrary to the opinion of the claimant's treating physician.'" *Adams*

*v. Massanari*, 55 Fed.Appx. 279, 284 (6th Cir. 2003).

B.    Analysis and Conclusions

The ALJ determined that plaintiff possessed the residual functional capacity

to return to a limited range of light unskilled work. (Tr. at 15).[1]  "Light work" is

defined as:

> Light work involves lifting no more than 20 pounds at a
> time with frequent lifting or carrying of objects weighing
> up to 10 pounds.  Even though the weight lifted may be
> very little, a job is in this category when it requires a

---

[1]  As of the date last insured, plaintiff was between 50 and 54 years, which is considered by the Social Security Regulations as a "person approaching advanced age."  20 C.F.R. § 404.1563(c).  If plaintiff had been determined to have an RFC limited to sedentary work, she would have been entitled to disability benefits under the Commissioner's regulations because of the combination of her age classification and RFC.  *See e.g. Drummond*, *supra*.

good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

     1.    *Res Judicata*

Generally, principles of *res judicata* require that the administration be bound by this decision unless a change of circumstances is proved on a subsequent application. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding... ." The Sixth Circuit applies collateral estoppel to "preclude reconsideration by a subsequent ALJ of factual findings that have already been decided by a prior ALJ when there are no changed circumstances requiring review." *Brewster v. Barnhart*, 145 Fed.Appx. 542, 546 (6th Cir. 2005).

Under *Drummond*, a change in the period of disability alleged does not preclude the application of *res judicata*. *Slick v. Comm'r of Soc. Sec.*, 2009 WL

136890, *4, citing, *Drummond*, 126 F.3d at 839.  The change in the alleged

disability period does not affect the application of *res judicata* where the issue

(whether plaintiff's condition disables her and/or to what degree), is the same.

*Slick*, at *4.  Plaintiff must show that circumstances have changed since the first

hearing before the ALJ "by presenting new and material evidence of deterioration."

*Id*. at *5.

Given that the earlier decision is not part of the record in this case, the Court

cannot assess whether and to what extent the ALJ was bound by any prior

determinations or findings.  For example, the earlier decision finding that plaintiff

was not disabled could have been based on the conclusion that she could perform

her past relevant work, her impairments were not likely to exceed 12 months in

duration, or it could have been based on an RFC finding.  Notably, the ALJ in this

case made no reference to the earlier decision and plainly did not rely on it in

formulating his conclusions.

2.      Treating physician/medical evidence

In weighing the opinions and medical evidence, the ALJ must consider

relevant factors such as the length, nature and extent of the treating relationship,

the frequency of examination, the medical specialty of the treating physician, the

opinion's evidentiary support, and its consistency with the record as a whole.  20

C.F.R. § 404.1527(d)(2)-(6).  Therefore, a medical opinion of an examining source

is entitled to more weight than a non-examining source and a treating physician's opinion is entitled to more weight than a consultative physician who only examined the claimant one time.  20 C.F.R. § 404.1527(d)(1)-(2).  A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's opinion and the reasons for that weight."  Soc.Sec.R. 9602p, 1996 WL 374188, *5 (1996).

The opinion of a treating physician should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is not "inconsistent with the other substantial evidence in [the] case record."  *Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2).  While the uncontradicted opinions of treating physicians and psychologists are entitled controlling weight, *Jones v. Sec'y of Health and Hum. Serv.*, 945 F.2d 1365, 1370 (6th Cir. 1991), the presence of contradictory evidence may allow the ALJ to accord less than controlling weight to the opinions of plaintiff's treating physician and psychologist.  *Warner v. Comm'r of Social Sec.*, 375 F.3d 387, 391 (6th Cir. 2004).

In this case, the parties' dispute is oddly limited to the treating physician opinions offered in 1997 and 1998, which are, at best minimally relevant to

whether there was substantial evidence to support the ALJ's decision regarding plaintiff's impairment in the years 2000-2003. Neither party, nor the ALJ, even mention the opinions and assessments of plaintiff's treating physician, Dr. Prathikanti, who regularly examined and treated plaintiff as far back as 1997 (Tr. at 156) and treated her through 2005. (Tr. 124-156). In January 2005, Dr. Prathikanti was solicited by the state agency evaluating plaintiff's claim for his opinions and records regarding her alleged disability since October 1, 2000 due to "degenerative spine disease, HBP, scoliosis, and panic attacks." (Tr. at 124). In March 2005, after a physical examination, Dr. Prathikanti opined that plaintiff could sit for one-half hour at a time, stand for 15 minutes at a time, walk for 5 minutes at a time, lift, carry, and handle objects no more than 5-10 pounds, and that she could not drive due to her panic attacks and discomfort driving. (Tr. 125-126). A review of Dr. Prathikanti's treating records reveals that plaintiff treated with him regularly for her back pain, high blood pressure, and panic attacks. He prescribed a multitude of pain medications, muscle relaxers, and anti-inflammatory drugs, along with anti-anxiety medications, anti-depressants, and several medications for high blood pressure and other cardiac issues. These records reveal that Dr. Prathikanti is the physician who managed plaintiff's various conditions and her pain.[2]

---

[2] The ALJ noted that plaintiff had never been referred to a pain clinic. However, Dr. Prathikanti at least contemplated this possibility in August 2000. (Tr. 152).

A key question in this case is the severity of any of plaintiff's impairments before the expiration of her insured status and the impact of Dr. Prathikanti's 2005 assessment of plaintiff's impairments. A social security disability claimant bears the ultimate burden of proof on the issue of disability. *Richardson v. Heckler*, 750 F.2d 506, 509 (6th Cir. 1984) (citation omitted). The claimant's specific burden is to prove that she was disabled on or before the last date on which she met the special earnings requirement of the Act. *Id.* (citation omitted); *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990). Generally, post-insured status evidence of a claimant's condition is not relevant. *Bagby v. Harris*, 650 F.2d 836 (6th Cir. 1981); *see also Bogle v. Sec'y of Health and Hum. Serv.*, 998 F.2d 342 (6th Cir. 1993). However, such evidence will be considered if it establishes that an impairment existed continuously and in the same degree from the date the insured status expired. *Johnson v. Sec'y of Health and Hum. Serv.*, 679 F.2d 605 (6th Cir. 1982). Plaintiff's insured status expired on December 31, 2003. Therefore, she must establish that she became disabled on or before that date.

The ALJ seemed to reject, out of hand, all medical evidence that post-dated plaintiff's last date insured. It is not clear, however, whether Dr. Prathikanti's opinion, given in response to a request that was not limited in time to the years 2000-2003, is applicable to plaintiff's impairments as they existed during that time frame. Given that Dr. Prathikanti is the physician who consistently and regularly

Report and Recommendation
Cross-Motions for Summary Judgment
*McAley v. Comm'r*; No. 08-14504

treated and managed plaintiff's various conditions from 1997 through 2005 (including all of those on which her disability claim is based), it seems that his opinion should be given the most weight of any treating physician. It does not appear, however, that either the ALJ or the state agency reviewers examined or considered his records or opinion. His treatment of plaintiff for depression and panic attacks since 2000 was seemingly disregarded because he is not a "mental health professional."[3] He also managed her pain, high blood pressure, scoliosis, and other conditions throughout the time period in question, as well as before and after this time period.[4] The ALJ did not consider whether the post-insured evidence established "that an impairment existed continuously and in the same degree from the date the insured status expired." *Johnson, supra*. The ALJ also seemingly did not consider the treating evidence from Dr. Prathikanti during the time period at issue.[5] Based on the foregoing, the undersigned suggests that a

---

[3] For example, the DDS consultation form indicates that plaintiff was diagnosed with "panic attacks" in February of 2005. (Tr. 171). However, Dr. Prathikanti was treating plaintiff with anti-anxiety medication and anti-depressants as far back as 2000. (Tr. 152).

[4] The state agency physician who completed the RFC assessment failed to even make note of the three surgeries that occurred in the time period at issue, referring only to the laminectomy in 1999. (Tr. 174).

[5] The undersigned also notes that the regulations provide a means for the ALJ to obtain further clarification of Dr. Prathikanti's opinions. *See* 20 C.F.R. §§ 416.912(e) and 416.927.

remand to the ALJ for consideration of Dr. Prathikanti's records and opinions is appropriate.

### 3. Credibility

The residual functional capacity circumscribes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from-though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). "A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, *5 (E.D. Mich. 2004). "The regulations recognize that individuals who have the same severe impairment may have different [residual functional capacities] depending on their other impairments, pain, and other symptoms." *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed.Appx. 425, 429 (6th Cir. 2007); 20 C.F.R. § 404.1545(e). An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

Based on analysis set forth above, the undersigned suggests that the ALJ failed to fully consider the nature and extent of plaintiff's limitations. Given this

recommendation, and despite the deference to be accorded to the ALJ's credibility determinations, the undersigned also suggests that the ALJ reassess his credibility determinations. As set forth in SSR 96-5p, a "decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id*. As set forth above, the undersigned suggests that the ALJ erred by failing to provide a proper or sufficient basis for rejecting Dr. Prathikanti's opinions. Based on these judgments, the undersigned cannot conclude that the ALJ's credibility determination is grounded in substantial evidence. While this record may not justify a remand for an award of benefits, *see Faucher v. Sec'y of Health and Human Serv.*, 17 F.3d 171, 176 (6th Cir. 1994),[6] a remand is nonetheless required.

### 4. Conclusion

After review of the record, I conclude that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is not within that "zone of choice within which decisionmakers may go either way without interference

---

[6] "If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher*, 17 F.3d at 176.

from the courts," *Felisky*, 35 F.3d at 1035, as the decision is not supported by substantial evidence.

## V.    RECOMMENDATION

Accordingly, it is **RECOMMENDED** that plaintiff's motion for summary judgment be **DENIED**, defendant's motion for summary judgment be **DENIED**, and that this matter be **REMANDED** for further review, consistent with this Report and Recommendation.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Administrative Order 09-AO-042.  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 10, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 10, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Justen E. Grech, Vanessa Mireee Mays, AUSA, and the Commissioner of Social Security</u>.

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov
